IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KOREY MCMAHON; AND<br><br>(2) MCMAHON MARKETING, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>(1) TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; AND<br><br>(2) NORMAN ECONOMIC DEVELOPMENT COALITION, INC.<br><br>        Defendants. | Case No. CIV-17-746-C |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Travelers Casualty Insurance Company of America ("Travelers") removes this action from the District Court of Cleveland County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

**INTRODUCTION**

1.    On June 9, 2017, Plaintiffs Korey McMahon ("McMahon") and McMahon Marketing, LLC ("MM") filed a civil action in the District Court of Cleveland County, Oklahoma, styled as *Korey McMahon and McMahon Marketing, LLC v. Travelers Casualty Insurance Company of America; and Norman Economic Development Coalition,* Case No. CJ-2017-717-W.

2.    The allegations in the Petition relate to a property damage claim made by Plaintiffs against Travelers after a fire occurred at the subject property. The Petition alleges that Travelers breached its insurance policy when adjusting the claim of Plaintiffs, acted in bad faith by not making alleged "appropriate" payments for business interruption coverage, and fraud by claiming

1

it had overpaid Plaintiffs for the business interruption portion of the claim. Pet. ¶¶ 6-21. The Petition also purports to bring a negligence claim against Norman Economic Development Coalition, Inc ("NEDC") for reasons wholly unrelated to the causes of actions brought against Travelers. Id. ¶¶ 25.

3.  This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because original jurisdiction lies in federal court and the procedural requirements for removal are satisfied. (1) The amount in controversy exceeds $75,000. (2) Complete diversity exists between Plaintiffs McMahon, a citizen of Oklahoma, MM, an Oklahoma-based company with its principal place of business in Cleveland County, Oklahoma, and Defendant Travelers, which is not a citizen of Oklahoma but a citizen of Connecticut. Defendant NEDC is a company with its principal place of business being in Oklahoma, but its citizenship should be disregarded for diversity purposes because, as shown below, Plaintiffs' claims against NEDC should be severed from their claims against Travelers under Federal Rule of Civil Procedure 21 and remanded to state court. Accordingly, this action may be removed to this Court.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4.  The original Petition was served on Travelers on July 3, 2017 at its corporate office in Connecticut.

5.  This Notice of Removal, filed July 12, 2017, is therefore timely under 28 U.S.C. §§ 1446(b), even assuming the one-year rule in diversity cases applies. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (thirty-days from service rule); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 64-65 (1996) (one-year limitation in diversity cases).

6.  Consent to removal by Defendant NEDC is not required because, as shown below, NEDC is not indispensable as party for the causes of action brought against Travelers, and

therefore, should be severed pursuant to Rule 21. "A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Lafalier v. State Farm Fire and Cas.*, 391 Fed. Appx. 732, 739, 2010 WL 32744381 (W.D. Okla. 2015) [1] citing *Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353 (11th Cir, 1996)

7. This Court embraces the locality in which the state court action is now pending, and thus is a proper forum pursuant to 28 U.S.C. § 1441(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and filed with the District Court of Cleveland County, Oklahoma.

10. A filing fee of $400.00 will be tendered to the Clerk of this Court.

11. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. A copy of the civil cover sheet is attached hereto.

12. As required by Local Civil Rule 81.2, true and correct copies of all documents filed or served in the state court case, along with a copy of the docket sheet of the case, are attached hereto as part of Exhibit 1.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

13. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and there is a good faith basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

---

[1] This case was not selected for publication in the Federal Reporter. See Fed. Rule of Appellate Procedure 32.1

**A.     Complete Diversity of Citizenship Exists**

14.     On best information, knowledge and belief, Plaintiff McMahon is an Oklahoma resident and citizen and Plaintiff MM is an Oklahoma based company with its principal place of business in Cleveland County, Oklahoma.

15.     Travelers is and, when this action was served, was a Connecticut corporation with its principal place of business in Connecticut. Accordingly, Travelers is a citizen of Connecticut for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

16.     On best information, knowledge and belief, Defendant NEDC is an Oklahoma based company with its principal place of business in Cleveland County, Oklahoma.

**B.     The Amount in Controversy Exceeds $75,000**

17.     Plaintiffs allege that, as a result of the fire, damages sought are "in an amount in excess of $75,000." Petition at Pg. 4. Thus, it is clear that the jurisdictional threshold has been satisfied. 28 U.S.C. § 1332(a); *McPhail v. Deere & Co.,* 529 F.3d 947, 955-57 (10th Cir. 2008).

**C.     Plaintiffs' Claim Against NEDC Should Be Severed Pursuant to Rule 21 Because NEDC is Not a Necessary and Indispensable Party**

18.     This Court should sever Plaintiffs' claims against NEDC pursuant to Rule 21 because it is not a necessary and indispensable party. Under Rule 21, courts may drop a party and/or sever claims against non-diverse, dispensable defendants and thereby perfect diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable party to be dropped at any time"); *Varley v. Tampax, Inc.,* 855 F.2d 696, 701-02 (10th Cir. 1988); *Jett v. Phillips & Assocs.,* 439 F.2d 987, 989-90 (10th Cir. 1971.) Courts can sever claims against any party, even a

properly joined party, so long as the party is not indispensable within the meaning of Federal Rules of Civil Procedure 19(b). *See Jett*, 439 F .2d at 989-90 ("the court's power to dismiss parties is circumscribed insofar as under Rule 19(b) the court cannot proceed without an indispensable party"); 4 Moore's Federal Practice § 21.05, at 21-20 to -21, 21-24 ("[C]ourts agree that the Rule may apply even in the absence of the misjoinder or nonjoinder. For example, the Supreme Court has recognized the use of Rule 21 to dismiss a properly joined party for the purpose of maintaining diversity of citizenship.").

19. Courts routinely utilize Rule 21 to perfect diversity in suits removed from state court. For example, in *Joseph v. Baxter International, Inc.,* 614 F. Supp. 2d 868 (N.D. Ohio 2009), plaintiffs filed in state court a wrongful death suit arising from their decedent's exposure to the prescription drug Heparin. Plaintiffs asserted product liability claims against the decedent's non-diverse treating physicians. *Id.* at 870. Baxter removed, arguing that the district court should perfect diversity jurisdiction by severing and remanding plaintiffs' malpractice claims against the treating physicians. The action was transferred to the Heparin MDL, and the MDL court ruled on plaintiffs' motion to remand. The court concluded that the treating physicians were not indispensable parties under Rule 19 because the "medical malpractice allegations differ from [plaintiffs'] products liability claim, which focuses on Baxter's conduct in designing, manufacturing, labeling and recalling tainted Heparin ." *Id* at 872. The court then concluded that severance under Rule 21 was appropriate. Here, this is an analogous situation as the underlying claim against NEDC is a simple negligence action where the claim against Travelers sounds in contract and involves different issues of proof along with a companion bad faith claim which solely involves the internal conduct of Travelers. In short, the underlying damage claim is ancillary to the contract and bad faith issues Plaintiffs have brought against Travelers.

20.     Other courts have deployed Rule 21 in comparable circumstances, severing or dropping claims against non-diverse, non-indispensable defendants and then declining remand. *See, e.g., Kenko Int'l, Inc. v. Asolo S.R.L.,* 838 F. Supp. 503, 506 (D. Colo. 1993) (in removed case, severing intervenor's claims to perfect diversity jurisdiction); *Pena v. McArthur,* supra; and *Gruening v. Sucic and State Farm Mutual Insurance Company,* 89 F.R.D. 573 (E.D. Pa 1981); (severing personal injury claim from bad faith claim). *Linnin v. Michielsens,* 372 F. Supp. 2d 811, 825-26 (E.D. Va. 2005) (severing claims against non-diverse physician); Severance of non-diverse, non-indispensable defendants under Rule 21is appropriate even if the misjoinder is not egregious or in bad faith. *See Mason v. Thompson,* No. CIV-05-1464-HE, 2006 WL 1134939, at *2 n.4 (W.D. Okla. Apr. 27, 2006) (noting that a defendant could support diversity jurisdiction after removal by raising misjoinder of a non-diverse defendant under Rule 21); *Linnin,* 372 F. Supp. 2d at 825-26.

21.     NEDC is not an indispensable party under Rule 19. *See Hartfield v. Farmers Insurance Company,* 2010 WL 3895716 (W.D. Okla.) (motion to remand denied because co-defendant was not an indispensable party in UM bad faith claim); *Pena,* 889 F. Supp. 403, 406 (severing driver from bad faith claim because "analysis of the underlying claim in the bad faith action is not identical to the underlying negligence claim itself"). "It has long been the rule that it is not necessary for all joint tortfeasors to be named defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990) (per curiam). Plaintiffs can also still proceed with the negligence claim against NEDC in state court. Accordingly, there will be no delay in pursuing this a negligence claim by returning it to the state court. Plaintiffs may contend that *Buzzard v. McDaniel,* 736 P.2d 157 (Okla. 1987), precludes severance here. However, *Buzzard* cannot provide comfort to Plaintiff because the Tenth Circuit has recognized that state law prohibitions

on certain procedural mechanisms are not applicable in federal courts. *Oulds v. Principal Mut. Life Ins. Co.,* 6 F.3d 1431, 1435 (10th Cir. 1993) (Oklahoma law concerning bifurcation of trials on bad faith is not binding on federal courts).

22.     Accordingly, this Court should sever Plaintiffs' claims against NEDC and thereby perfect its diversity jurisdiction over Plaintiffs' claims against Travelers as Plaintiffs' suit against Defendant NEDC is a simple negligence matter where the basis of the claims against Travelers is dependent upon a breach of the duty of good faith and fair dealing and internal claims handling. *See Pena, 889 F. Supp.* at 406, and *Child A and Child B ex rel. Gaither v. Allstate Ins. Co.,* 323 Fed. Appx. 635 (10th Cir.), 2009 WL 962678 (resolution of UM coverage requires separate inquiry from underlying personal injury claim).

WHEREFORE, Travelers respectfully requests that this Court sever and remand Plaintiffs' claim against NEDC, and assume jurisdiction over this action as if Plaintiffs McMahon and MM had originally commenced this action with this Court.

Dated this __12th__ day of July , 2017.

Respectfully submitted,

/s/Darrell W. Downs
R. STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
KASSIE N. MCCOY, OBA #31405
kmccoy@soonerlaw.com
**TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL**,
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone:    918/343-4100
Facsimile:     918/343-4900
***Attorneys for Defendant, Travelers Property Casualty Company of America***