IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KOREY McMAHON and ) | | |
| McMAHON MARKETING LLC, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | No. CIV-17-746-C | |
| ) | | |
| TRAVELERS CASUALTY INSURANCE ) | | |
| COMPANY OF AMERICA and ) | | |
| NORMAN ECONOMIC DEVELOPMENT ) | | |
| COALITION, INC., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Korey McMahon operated McMahon Marketing out of Defendant NEDC's Norman location. On October 27, 2016, McMahon Marketing was destroyed by a fire, which Plaintiffs allege was caused by the negligence of Defendant Norman Economic Development Coalition, Inc. ("NEDC"). Plaintiffs submitted a claim for the fire to Defendant Travelers Casualty Insurance Company ("Travelers"). According to Plaintiffs, Travelers refused to properly evaluate the claim and/or pay the claim as required under the terms of the insurance policy. Consequently, Plaintiffs filed the present action in the District Court for Cleveland County, Oklahoma, alleging claims of negligence against Defendant NEDC and a breach of contract/bad faith against Defendant Travelers. Defendant Travelers, without the consent of Defendant NEDC, filed a Notice of Removal bringing the action to this Court. Plaintiffs now seek remand, arguing that the removal was procedurally defective because Defendant failed to obtain the consent of NEDC prior

to removal. Travelers argues that the consent of NEDC was not required because that entity was fraudulently joined. Alternatively, Defendant Travelers argues that the Court should sever the claims Plaintiffs bring against the two Defendants pursuant to Fed. R. Civ. P. 21.

An action based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Further, 28 U.S.C. § 1446(b)(2)(A) states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, it is undisputed that NEDC is an Oklahoma corporation and that Plaintiffs properly served that entity. Thus, based on NEDC's status as an Oklahoma entity and its lack of consent to removal, remand is clearly required. Defendant Travelers' only argument to the contrary is that Defendant NEDC was not properly joined but rather was fraudulently joined.

In order to demonstrate fraudulent joinder, Defendant Travelers must show there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant NEDC. Any questions of disputed fact and ambiguities in the state law are decided in favor of Plaintiffs. The ultimate question is whether there is any possibility of recovery against the party whose joinder is questioned. See Montano v. Allstate Indemnity, Case No. 99-2225, 2000 WL 525592 (10th Cir. Apr. 14, 2000). Defendant Travelers fails to meet this exacting standard. Indeed, the only argument raised by Travelers is that the

claims are premised on boilerplate language. To the extent this could be read as some suggestion by Defendant Travelers that Plaintiffs' claims against NEDC are subject to dismissal under Fed. R. Civ. P. 12(b)(6), this is insufficient to demonstrate fraudulent joinder. When applying Rule 12(b)(6), the Court must determine whether Plaintiffs have pleaded facts sufficient to state a plausible claim for relief. However, when examining whether or not a defendant has been fraudulently joined, the relevant inquiry is whether or not a plaintiff has **any possibility** of recovery against defendant. Defendant's arguments of "boilerplate language" are insufficient to satisfy this standard. Therefore, Defendant Travelers has failed to demonstrate that Defendant NEDC has been fraudulently joined.

Because Defendant did not obtain the consent of Defendant NEDC prior to removal, and because Defendant NEDC is an Oklahoma citizen, Defendant's removal was improper and the Court lacks jurisdiction to consider the matter. Defendant Travelers' arguments that the claim may be severed under Fed. R. Civ. P. 21 do not alter this fact. First, it is not entirely clear that the Court need address the Rule 21 issue since Defendant Travelers has failed to obtain the consent of NEDC who, for the reasons set forth above, has been properly joined and served in this matter. Even if it does consider Defendant Travelers' arguments under Rule 21, the Court finds there is no requirement for the Court to sever those claims. Defendant Travelers has failed to demonstrate that NEDC is not a necessary party pursuant to Fed. R. Civ. P. 19(b). Rather, Defendant Travelers offers only conclusory statements that Plaintiffs' claims against the two Defendants are distinct. To the extent Plaintiffs wish to pursue their claims in a single action, Defendant Travelers has

offered no compelling reason to disrupt that process. Accordingly, the Court declines to sever Plaintiffs' claims against Defendant Travelers from those against Defendant NEDC.

For the reasons set forth above, Plaintiffs' Motion to Remand (Dkt. No. 13) is granted. The Court Clerk is directed to take the necessary steps to return this action to the District Court for Cleveland County.

IT IS SO ORDERED this 13th day of September, 2017.

ROBIN J. CAUTHRON
United States District Judge